UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

GENERAL MAINTENANCE & FLOOR SERVICE, INC. and MICHAEL BAKRI, individually and d/b/a General Maintenance,

Defendants.

CIVIL NO. 01-2374 (JRT/JSM)

ORDER

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on for hearing before the undersigned United States Magistrate Judge on July 1, 2003, upon plaintiff's Renewed Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and for Appropriate Sanctions [Docket No. 24]. Defendants did not respond to plaintiff's Motion. Leonard Grossman, Esq. appeared on behalf of plaintiff; Michael Bakri appeared personally.

The Court, being duly advised in the premises, upon all of the files, records, and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED that** Plaintiff's Renewed Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and for Appropriate Sanctions [Docket No. 24] is granted as follows:

AUG 19 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. On or before September 2, 2003, Defendant Bakri shall serve complete answers, without objections, to Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 of Plaintiff's First Set of Interrogatories and Request for Production of Documents;

2. On or before September 2, 2003, Defendant Bakri shall serve complete answers, without objections, to all of the Document Requests set forth in Plaintiff's First Set of Interrogatories and Request for Production of Documents, and shall produce all documents responsive to these document requests in his possession, custody, or control;

3. For the purpose of this Order, the deadline imposed for service of answers and documents in Paragraphs 1 and 2 of this Order, shall mean that plaintiff shall have received Bakri's submission by this date.

4. If defendant Bakri fails to comply with this Order, the Court will entertain a motion brought by plaintiff for sanctions.

Dated: August 19, 2003

Janie S. Mayeron

JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

**FACTUAL BACKGROUND**

On March 13, 2003, plaintiff served defendant Bakri with the First Set of Interrogatories and Request for Production of Documents. As of the date of this Order, defendant Bakri has not submitted responses or objections to these outstanding discovery requests.

On April 28, 2003, plaintiff took defendant Bakri's deposition. Bakri informed plaintiff at his deposition that he would respond to the document requests on May 5, 2003, at the Wage and Hour District Office in Minneapolis. On May 5, 2003, however, Bakri did not submit written responses or documents. Rather, he left a telephone message stating he would provide plaintiff with a written explanation for his failure to respond on May 5, 2003, and would produce the documents in his possession the following week. As of the date of the hearing on July 1, 2003, Bakri had not submitted a written explanation or any documents in response to plaintiff's outstanding requests.

On June 13, 2003, plaintiff brought the present Motion to compel responses to its discovery requests. Bakri submitted no response. On July 1, 2003, a hearing was held on this motion, at which time Bakri did appear. At the July 1 hearing, the Court discussed with plaintiff which interrogatories remained unanswered as a result of the deposition of Bakri. Plaintiff represented that several interrogatories had been answered during the deposition and informed the Court that the following interrogatories remained to be answered: Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 from Plaintiff's First Set of Interrogatories and Request for Production of Documents. A review of Bakri's deposition transcript confirms this representation.

## DISCUSSION

Plaintiff's Motion to Compel Discovery is granted. In this case, defendant Bakri has not answered any of plaintiff's discovery requests despite numerous requests and promises to do so and did not respond to plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and for Appropriate Sanctions. Further, during Bakri's deposition, he did not provide sufficient responses to obviate the need for him to respond to plaintiff's outstanding interrogatories and document requests.

Therefore, pursuant to Fed. R. Civ. Pro. 37(a), on or before September 2, 2003, Bakri shall serve upon plaintiff written answers to Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 from Plaintiff's First Set of Interrogatories and Request for Production of Documents, and shall fully respond in writing and provide all documents responsive to all document requests set forth in this same pleading. As Bakri did not timely make objections to any of this discovery, all objections are waived and none shall be interposed by Bakri in his answers to the Interrogatories or Document Requests.

With respect to plaintiff's request for sanctions, under Rule 37 of the Federal Rules of Civil Procedure, a court may make such orders as are just if a party fails to respond timely to served discovery. Fed. R. Civ. P. 37(d). In this regard, a court may issue an order directing that the facts at issue in the discovery be established for purposes of the current litigation, that the non-responding party not be permitted to support or oppose certain claims or defenses or submit matters into evidence, that portions of the pleadings be stricken, or that dismissing the action or entering a default judgment against the non-responding party. Fed. R. Civ. P. 37(b)(2). In addition, if a motion to compel is granted, the court may award the moving party its reasonable expenses incurred in bringing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(4). In the event that Bakri does not comply with this Order, this Court will entertain a motion by plaintiff for sanctions pursuant to Fed. R. Civ. P. 37.

J.S.M.