UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

GENERAL MAINTENANCE & FLOOR SERVICE, INC and MICHAEL BAKRI, individually and d/b/a General Maintenance,

Defendants.

CIVIL NO. 01-2374 (JRT/JSM)

ORDER

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon plaintiffs' Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief [Docket No. 30].[1] At the request of the parties, the motion was decided on the submissions without oral argument.

The Court, upon all of the files, records, and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief [Docket No. 30] is granted in part and denied in part as follows:

[1] Plaintiff's request for a default judgment against defendant General Maintenance & Floor Service, Inc. is addressed in a separate Report and Recommendation of this Court.

a. Plaintiff's request to strike defendant Bakri's Answer is denied;

b. Plaintiff's request for a default judgment against defendant Bakri is denied; and

c. Plaintiff's request for costs and attorneys' fees is granted. Plaintiff's counsel shall submit an affidavit to this Court stating the costs and fees she incurred in bringing the instant motion by March 8, 2004.

2. On or before March 8, 2004, defendant Bakri shall serve complete answers, without objections, to Interrogatory Nos. 1, 3, 7, 8, 9, 10, 11, 19, and 28 of plaintiff's First Set of Interrogatories. Defendant Bakri shall serve plaintiff's attorney, Leonard Grossman, with these responses at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604.

3. On or before March 8, 2004, defendant Bakri shall serve complete answers, without objections, to all of the Document Requests set forth in plaintiff's First Set of Requests for Production of Documents and shall produce <u>all</u> documents responsive to these document requests in his possession, custody, or control. Defendant Bakri shall serve plaintiff's attorney, Leonard Grossman, with these documents and responses at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604.

4. For the purpose of this Order, the deadline imposed for service of answers and documents in Paragraphs 2 and 3 of this Order shall mean that plaintiff shall have received Bakri's submission by this date.

5. The Court reminds defendant Bakri that all pleadings and correspondence directed to plaintiff must be sent to plaintiff's counsel, Leonard Grossman at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604. Pleadings and correspondence to plaintiff should not be sent to the Wage and Hour District Office in Minneapolis, Minnesota. In the future, any documents or correspondence defendant Bakri sends to the Wage and Hour District Office will not be considered service upon plaintiff.

6. The Court further reminds defendant Bakri that all pleadings that he wants the Court to consider must be filed with the Clerk of Court and one copy sent to the undersigned pursuant to U.S. District Court Local Rule 5.2(b).

7. If defendant Bakri fails to comply with this Order, the Court will entertain a motion brought by plaintiff for a default judgment against him and other appropriate sanctions.

Dated: February 23, 2004

JANIE S. MAYERON
United States Magistrate Judge

## MEMORANDUM

### FACTUAL BACKGROUND

On March 13, 2003, plaintiff served defendant Bakri ("Bakri") with the First Set of Interrogatories and Request for Production of Documents. On April 28, 2003, plaintiff took Bakri's deposition. Bakri informed plaintiff at his deposition that he would respond to the document requests on May 5, 2003 and would deliver the responsive documents to the Wage and Hour District Office in Minneapolis. On May 5, 2003, however, Bakri did not submit any written responses or produce any documents. On June 13, 2003, plaintiff brought a motion to compel responses to its discovery requests. Bakri submitted no response to this motion to compel.

On July 1, 2003, a hearing was held on the motion to compel, at which time Bakri appeared. At the hearing, the Court discussed with plaintiff which interrogatories remained unanswered as a result of Bakri's deposition. Plaintiff represented that several interrogatories had been answered during the deposition and informed the Court that the following interrogatories remained to be answered: Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 from Plaintiff's First Set of Interrogatories and all of plaintiff's document requests.

On August 19, 2003, this Court issued an Order granting plaintiff's motion to compel and directing Bakri to serve complete discovery responses to Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 and produce responsive documents to all of plaintiff's document requests set forth in plaintiff's First Set of Interrogatories and Request for Production of Documents in his possession, custody, or control by September 2, 2003.

The Order further ordered that service of such responses and documents meant that plaintiff was to have received them by September 2, 2003.

On September 2, 2003, Bakri delivered responses to plaintiff's Interrogatory Nos. 1, 3, 6, 12, 18, 20, 27, and 29 to the U.S. Department of Labor office located in Minneapolis, Minnesota.[2] Bakri did not provide responses to plaintiff's other interrogatories – Interrogatory Nos. 7, 8, 9, 10, 11, 19, and 28 – or produce any documents in response to plaintiff's document requests.

Believing that Bakri had failed to comply with this Court's August 19, 2003 Order, plaintiff filed her Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief ("Motion to Strike") on September 12, 2003 requesting the following: (1) Bakri's Answer be stricken for his failure to respond fully to discovery and comply with this Court's August 19, 2003 Order; (2) default judgment be entered against Bakri; (3) default judgment be entered against defendant General Maintenance & Floor Service, Inc. since it had never appeared or filed an Answer in this case; and (4) plaintiff be awarded her expenses related to bringing the instant motion.

On September 23, 2003, this Court issued an Order directing Bakri to file a response to plaintiff's Motion to Strike by October 1, 2003 and plaintiff to file a reply by October 5, 2003.

On October 1, 2003, Bakri filed a response to the Motion to Strike stating that plaintiff's motion should be denied because he had complied with this Court's Order

[2] Bakri subsequently claimed to have placed these responses in the mail to plaintiff's counsel this same day, however, plaintiff stated in her reply that no such responses were ever received from Bakri. Rather, plaintiff stated that the U.S. Department of Labor office in Minneapolis forwarded copies to plaintiff's counsel on October 1, 2003.

dated August 19, 2003. He stated that he had personally delivered his complete answers to plaintiff's interrogatories to the U.S. Department of Labor office in Minneapolis on September 2, 2003. In addition, Bakri stated that a second copy of such responses was mailed to plaintiff's office in Chicago on September 2, 2003.[3]

On October 3, 2003, plaintiff filed her reply stating that Bakri had failed to comply with the Court's September 23, 2003 Order[4] because Bakri never served plaintiff's counsel with the responses, as required by the Federal Rules of Civil Procedure. Moreover, plaintiff stated that, even if the Court assumed that Bakri had properly served plaintiff with his partial responses, they were nevertheless deficient for the following reasons: (1) Bakri failed to provide responses to Interrogatory Nos. 7-11, 19, and 28; (2) Bakri's responses to Interrogatory Nos. 1, 3, 18, and 27 were incomplete and unresponsive; and (3) Bakri offered no response and produced no documents responsive to plaintiff's document requests.

## DISCUSSION

### I. Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief

#### A. Request to Strike Bakri's Answer and for Default Judgment for Failure to Respond to Discovery

Plaintiff's request to strike Bakri's Answer and enter default judgment against him is denied. Under the Federal Rules of Civil Procedure, a court may strike a party's Answer, enter default judgment against a party, and order other relief as is just for

[3] Plaintiff stated in her reply that no such responses were ever received from Bakri.

[4] Although plaintiff stated that this response was in reference to this Court's Order dated September 23, 2003, the bulk of plaintiff's reply addresses this Court's Order dates August 19, 2003.

failure to serve responses or objections to discovery requests. FED. R. CIV. P. 37. However, the courts have the discretion to employ such sanctions. Id.; see also Lorin Corp. v. Goto Co., Ltd., 700 F.2d 1202 (8th Cir. 1983). This Court concludes that the drastic sanction of entering default judgment or striking Bakri's Answer is not warranted at this time.

First, Bakri is pro se and, as such, is entitled to slightly more latitude than parties represented by counsel. "[C]ivil litigants who represent themselves benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994). On the other hand, "the lenient treatment generally accorded to pro se litigants has limits." Pilgram v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Fingerhut Corp. v. Ackra Direct Mktg. Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983) (stating that "pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law"). Nor does a litigant's pro se status require or permit the Court to act as their counsel. Schooley, 712 F.2d at 373. Rather, pro se litigants "generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995). Thus, where a pro se litigant "fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

While the entry of a default judgment or striking of Bakri's Answer might be appropriate at some time as a sanction for his failure to comply with court orders or to observe deadlines,[5] this Court concludes that Bakri did attempt to satisfy this Court's Order dated August 19, 2003 by providing responses to some of plaintiff's interrogatories and that these responses were not entirely deficient.[6] Accordingly, this Court finds that, since Bakri attempted to comply with this Court's Order, and such an attempt is to be liberally construed by the Court given that he is pro se, such a drastic sanction such as striking his Answer or entering default judgment against him is not warranted at this time.

However, the Court cautions Bakri that if he fails once more to follow this Court's Order directing him to serve **complete responses** to plaintiff's interrogatories and **produce all documents** responsive to plaintiff's document requests on plaintiff's

---

5 See, e.g., Fingerhut Corp., 86 F.3d at 856 (affirming the entry of default judgment against a pro se party where the "magistrate judge specifically encouraged appellants to obtain substitute counsel, and warned them that failure to do so would not excuse them from complying with discovery obligations or the relevant rules of procedure"); Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (dismissing a civil rights action brought by pro se plaintiffs sua sponte based upon their "failure to comply with the district court's orders to cooperate with appellees in preparing a discovery schedule" when plaintiffs had been warned after initial non-compliance that additional failures would result in dismissal); Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir. 1984) (affirming the dismissal of an action where a pro se party ignored interrogatories and a court order for four months); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (concluding that the dismissal of a pro se inmate's complaint was proper where the inmate had been given three separate opportunities, but failed to comply with the court's pretrial order); Schooley, 712 F.2d at 373 (upholding the dismissal of pro se plaintiffs' case where they failed to comply with "minimal pretrial requirements" despite numerous opportunities and fair warning, "complete routine and easily understandable requirements").

6 For example, plaintiff did not challenge Bakri's responses to Interrogatory Nos. 6, 12, 20, and 29 in her reply and, therefore, the Court concludes that these responses were adequate.

counsel by March 8, 2004, this Court will entertain a motion from plaintiff to enter default judgment against him and for other appropriate sanctions.

**B. Contested Interrogatory Responses: Interrogatory Nos. 1, 3, 7-11, 18, 19, 27, and 28**

In plaintiff's reply, she challenged Bakri's failure to respond to Interrogatory Nos. 7-11, 19, and 28 and Bakri's proffered responses to Interrogatory Nos. 1, 3, 18, and 27. Interrogatory No. 1 requested the following:[7]

> Please identify by name each individual who has worked for or provided cleaning services in behalf of any of the defendants since March 1, 1998 (hereinafter "cleaners"), setting forth his or her position or duties at the time such work was performed, Social Security number, and the last known address and telephone number of each such individual and the defendant for whom such individual worked.

In response to Interrogatory No. 1, Bakri stated that "[a]t this time I don't have a list of people who worked for me as the records were damaged in the flood in my office in Roseau County. The list that you have obtained from the ICM is valid."

Plaintiff challenged this response as incomplete and not responsive because the interrogatory did not require Bakri to produce a list, but, rather, to identify his employees by name, duty, social security number, and last known contact information.

[7] Plaintiff did not include the contested interrogatories in her reply, but merely stated, in a footnote, that the text of the interrogatories had been submitted in connection with her motion to compel. Since this motion had already been ruled on by the Court before the instant motion was filed, the Court was required to track down the interrogatories at issue to address plaintiff's current motion. The Court reminds plaintiff of Local Rule 7 for the District of Minnesota requiring all moving parties to recite, verbatim, the discovery requests at issue and the contested responses in the body of the motion to compel.

It appears from this response that Bakri is representing that he does not have the requested information because the records were destroyed and that he is adopting the information contained in a list from ICM.[8] In light of this response, assuming plaintiff is in possession of the ICM list referenced in Bakri's response and it provides the information requested by plaintiff, Bakri will be required to rely on the ICM list at trial and will not be permitted to offer any evidence that contradicts the information contained in the ICM list as it relates to Interrogatory No. 1. On the other hand, if plaintiff does not have the ICM list referenced in Bakri's response to Interrogatory No. 1 or if it does not contain all of the information sought by plaintiff, then Bakri is directed to produce the ICM list and provide all information missing from the ICM list sought by this interrogatory to plaintiff's counsel by March 8, 2004.[9]

Interrogatory No. 3 requested the following:

> (a) Please describe in detail the record keeping system by which records of the time spent in the activities set forth in Interrogatory No. 2 was maintained and when this system was maintained.
> (b) Please identify the person or persons who created or maintained this system.
> (c) Please identify who currently has control of such records and where they are located.

In response to Interrogatory No. 3, Bakri stated "Leanne Bakri was the secretary for General Maintenance & Floor Service. a. Leanne Bakri created the system of employee records. b. All the records were destroyed in the flood in Roseau County."

---

[8] Neither party has identified "ICM" for the Court.

[9] If plaintiff does not have the ICM list referenced by Baki, she should notify him in writing of this fact on or before March 1, 2004.

Plaintiff argued that this response is incomplete and not responsive because the interrogatory requested that Bakri describe, in detail, the record keeping system, who currently has control over such records, and where such records are located, and Bakri only stated that Leanne Bakri created the records and that the records had been destroyed, ignoring the request to describe the record keeping system.

The Court finds that this response is inadequate to the extent that it failed to describe the record system, as requested in the interrogatory. As such, Bakri is directed to further respond to Interrogatory No. 3, providing either a full and detailed description of the record keeping system described in Interrogatory No. 3 or a detailed explanation as to why he is unable to describe such a system or why he cannot obtain such a description from Leanne Bakri.

Interrogatory No. 18 requested the following: "Please identify all persons who have worked or performed services for any of the defendants at any time during the period March 21, 1998, to the present, in Louisiana and/or Minnesota and the period during which such services were provided to each of the defendants."

In response to Interrogatory No. 18, Bakri stated "I have no detailed records for Louisiana as the supervisor Kevin Durango took not only all the records in Louisiana but also all the machinery, furnishings from the apartment and the new van. This was all reported to the police department, but he was never found."

Plaintiff asserted that this response is not responsive because the interrogatory did not request records, but, rather, asked Bakri to provide information about employees. As such, plaintiff maintained that the fact that the records were stolen does not bear on the request.

The Court concludes that this response is adequate because Bakri has represented that he cannot provide the requested information because the records needed to develop the information have been stolen. Giving Bakri the benefit of the doubt, and considering that no evidence has been brought forward to cast doubt on Bakri's statement that such records were stolen, this response is adequate. However, Bakri will not be permitted to offer any evidence at trial that contradicts this response as it relates to Interrogatory No. 18.

Interrogatory No. 27 requested the following: "Did you make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by the cleaners."

In response to Interrogatory No. 27, Bakri stated "Yes."

Plaintiff challenged this response as "patently false" in light of Bakri's responses to other interrogatories that such records were stolen or destroyed in a flood.

The Court finds that this response is adequate because Bakri has provided a complete answer to the stated request – phrased as a "yes" or "no" question. If plaintiff is correct and Bakri's response is false, then this response may be used at trial for impeachment purposes.

In sum, regarding the contested interrogatories, this Court orders Bakri to: (1) serve full and complete responses to Interrogatory Nos. 7, 8, 9, 10, 11, 19, and 28 by March 8, 2004; (2) if plaintiff does not have the ICM list referenced in Bakri's response to Interrogatory No. 1, then Bakri is directed to produce the ICM list to plaintiff's counsel and all information missing from the ICM list sought by Interrogatory No. 1 by March 8, 2004; (3) if plaintiff does have the ICM list, but is missing information sought by

Interrogatory No. 1, Bakri shall provide all the missing information by March 8, 2004; and (4) serve a complete response to Interrogatory No. 3 describing in detail the record keeping system discussed in Interrogatory No. 3 or explaining in detail why he cannot obtain such information by March 8, 2004.

**C. Plaintiff's Document Requests**

Since Bakri has not produced any documents or provided any responses to plaintiff's document requests as ordered by this Court, this Court directs Bakri to produce **all responsive documents and responses, without objection,** to plaintiff's document requests by March 8, 2004.

**D. Request for Costs and Fees**

Plaintiff's request for her costs and fees in bringing this motion is granted. Under Rule 37 of the Federal Rules of Civil Procedure, if a motion to compel is granted, the court may award the moving party its reasonable expenses incurred in bringing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(4). In addition, this Court ordered that it would consider a request for plaintiff's costs and fees in its previous Order if Bakri did not timely comply with that Order. Here, Bakri failed to serve responses to Interrogatory Nos. 7-11, 19, and 28 and failed to produce any documents or other responses to plaintiff's document requests, as required by this Court's Order dated August 19, 2003 granting plaintiff's motion to compel. Moreover, Bakri improperly served his limited responses on the local Wage and Hour office, not on plaintiff's counsel, by the Court's deadline of August 19, 2003. Accordingly, Bakri did not comply with this Court's Order granting plaintiff's motion to compel, necessitating plaintiff's instant motion to enforce this Court's August 19, 2003 Order. As such, Bakri is ordered

to pay plaintiff the reasonable costs and fees she incurred in bringing this motion. Plaintiff's counsel shall submit an affidavit to this Court stating the costs and fees she incurred in bringing the instant motion by March 8, 2004 and the Court will then issue an Order stating the amount of money Bakri shall pay plaintiff for her costs and fees.

J.S.M.