UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

CIVIL NO. 01-2374 (JRT/JSM)

Plaintiff,

v.

REPORT AND RECOMMENDATION

GENERAL MAINTENANCE &
FLOOR SERVICE, INC and
MICHAEL BAKRI, individually
and d/b/a General Maintenance,

Defendants.

The above matter came before the undersigned United States Magistrate Judge upon plaintiff's Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief [Docket No. 30] requesting entry of a default judgment against defendant General Maintenance & Floor Service, Inc. At the request of the parties, the motion was decided on the submissions without oral argument.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.1(c).

For the reasons discussed below, IT IS RECOMMENDED THAT plaintiff's Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief [Docket No. 30] as it relates to entry of a default judgment against defendant General Maintenance & Floor Service, Inc. be GRANTED and an order of default judgment be entered against defendant General Maintenance & Floor Service, Inc.

## FACTUAL BACKGROUND

On December 26, 2001, plaintiff filed her complaint in this case against defendants. On February 14, 2002, the Summons and Complaint were served on defendants [Docket No. 3].

As of April 8, 2002, neither defendant General Maintenance & Floor Service, Inc. ("General Maintenance") nor defendant Michael Bakri ("Bakri") had filed an Answer or other defense in the action. On April 8, 2002, plaintiff requested that a default judgment be entered against both defendants [Docket No. 5] and such a default judgment was entered by the Clerk of Court on April 8, 2002 against both defendants [Docket No. 6].

On May 6, 2002, plaintiff filed a Motion for Judgment by Default against both defendants [Docket No. 7]. In support of this motion, plaintiff filed the Declaration of Kristin Trout dated April 26, 2002 stating that total amount of wages due was $67,386.37 [Docket No. 9]. <u>See</u> Declaration of Kristin Trout ("Trout Decl.") ¶ 3, Exhibit A.

On June 14, 2002, defendant Bakri filed an Answer to plaintiff's Complaint [Docket No. 13].

On June 14, 2002, the court issued an order deferring judgment on plaintiff's Motion for Judgment by Default and permitted an Answer to be filed by defendant within 10 days [Docket No. 14]. In this regard, the order only refers to defendant in the singular and notes appearances for defendant Bakri only. As such, this order appears

to only permit defendant Bakri an additional 10 days to file an Answer. In addition, no Answer was filed by defendant General Maintenance during this time.[1]

To date, General Maintenance has not filed an Answer or made any appearance in this case.

## DISCUSSION

The Federal Rules of Civil Procedure provide that default judgment may be entered against a party who "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). In addition, such default judgment may be entered by the Clerk where the sum sought from the defendant is certain or can be made certain by computation or by the court in all other cases. FED. R. CIV. P. 55(b).[2]

In this case, defendant General Maintenance was properly served with the Complaint in this action in December 2001 – over 2 years ago – and has yet to file an Answer or other defense or appear in connection with this case. Defendant General Maintenance's failure to defend or appear in this case is evident from the record before the Court, both in the official docket maintained by the Clerk of Court and plaintiff's

---

[1] On January 11, 2003, the Clerk of Court performed a docket modicfication, eliminating plaintiff's Motion for Judgment by Default from the docket after concluding that the motion was moot. No explanation was given for this conclusion and there is no corresponding documentation for this docket modification.

[2] As a preliminary matter, the Court notes that there is a valid order for default judgment against defendant General Maintenance in this case. Default judgment may be entered by the Clerk where the sum sought from the defendant is certain or can be made certain by computation. FED. R. CIV. P. 55(b). Here, the Clerk of Court entered a default judgment against both defendants on April 8, 2002 [Docket No. 6] and, from the affidavit submitted by plaintiff on May 6, 2002, the amount sought by plaintiff from General Maintenance is $67,386.37. Therefore, since the sum sought from General Maintenance is certain in this case, the matter is now ripe for the entry of default judgment by the Clerk of Court. FED. R. CIV. P. 55(b).

previously submitted affidavit. Therefore, since defendant General Maintenance has failed to appear or defend this action, plaintiff's motion should be granted and default judgment should be entered against defendant General Maintenance in the amount of $67,386.37.

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that plaintiff's Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief [Docket No. 30] as it relates to entry of a default judgment against defendant General Maintenance & Floor Service, Inc. be GRANTED and an order of default judgment be entered against defendant General Maintenance & Floor Service, Inc. in the amount of $67,386.37.

Dated: February 23, 2004

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **March 9, 2004** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.