# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

GENERAL MAINTENANCE & FLOOR SERVICE, INC and MICHAEL BAKRI, individually and d/b/a General Maintenance,

Defendants.

CIVIL NO. 01-2374 (JRT/JSM)

ORDER

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon plaintiffs' Renewed Motion to Strike Defendant Bakri's Answer and for Other Appropriate Relief [Docket No. 42] requesting that the Court strike defendant Bakri's Answer as a sanction for his repeated failure to comply with discovery and court orders and plaintiff's oral Motion for a 60-Day Extension of the Pretrial Scheduling Order.

Leonard Grossman, Esq. appeared in behalf of plaintiff Elaine Chao. Defendant Michael Bakri appeared pro se.

The Court, upon all of the files, records, and proceedings herein and for the reasons stated on the record at the hearing, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Plaintiff's Renewed Motion to Strike Defendant Bakri's Answer and for Other Appropriate Relief [Docket No. 42] is denied.

2. On or before May 18, 2004, defendant Bakri shall serve the documents he attempted to file with the Clerk of Court on April 30, 2004 on plaintiff's attorney, Leonard Grossman at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604.

3. On or before May 18, 2004, defendant Bakri shall serve the third page of his facsimile transmission directed to plaintiff's counsel and dated March 8, 2004 on plaintiff's attorney, Leonard Grossman at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604.[1]

4. On or before May 18, 2004, in response to plaintiff's Document Request No. 3, defendant Bakri shall serve on plaintiff's attorney, Leonard Grossman at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604 the written agreement(s), contract(s), or subcontract(s) to provide janitorial services to Rainbow Food stores in Minnesota (a) between defendant Bakri and ICM, and (b) between defendant General Maintenance & Floor Services, Inc. and ICM.

5. Upon receiving a copy of the hearing transcript from the Court, defendant Bakri shall review the transcript and make any changes or corrections necessary to his responses to the interrogatories. Within two weeks of receiving the transcript, defendant Bakri shall serve this corrected transcript on plaintiff's attorney, Leonard Grossman at Office of the

---

[1] According to defendant Bakri, this third page contained the responses to Interrogatory Nos. 19 and 28.

Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604.

6. For the purpose of this Order, the deadline imposed for service of answers and documents in Paragraphs 2 – 5 of this Order shall mean that plaintiff shall have received Bakri's submission by this date.

7. **The Court reminds defendant Bakri that all pleadings and correspondence directed to plaintiff must be sent to plaintiff's counsel, Leonard Grossman at Office of the Solicitor, U.S. Department of Labor, 230 South Dearborn Street, Room 844 in Chicago, Illinois 60604.**

8. The Court further reminds defendant Bakri that al pleadings that he wants the Court to consider must be filed with the Clerk of Court and one copy sent to the undersigned pursuant to U.S. District Court Local Rule 5.2(b).

9. Plaintiff's oral Motion for a 60-Day Extension of the Pretrial Scheduling Order is granted. A separate Amended Pretrial Scheduling Order will be issued by this Court.

Dated: May 12, 2004

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## MEMORANDUM

### FACTUAL BACKGROUND

On March 13, 2003, plaintiff served defendant Bakri ("Bakri") with the First Set of Interrogatories and Request for Production of Documents. On April 28, 2003, plaintiff took Bakri's deposition. Bakri informed plaintiff at his deposition that he would respond to the document requests on May 5, 2003 and would deliver the responsive documents to the Wage and Hour District Office in Minneapolis. On May 5, 2003, however, Bakri did not submit any written responses or produce any documents. On June 13, 2003, plaintiff brought a motion to compel responses to its discovery requests. Bakri submitted no response to this motion to compel.

On July 1, 2003, a hearing was held on the motion to compel, at which time Bakri appeared. At the hearing, the Court discussed with plaintiff which interrogatories remained unanswered as a result of Bakri's deposition. Plaintiff represented that several interrogatories had been answered during the deposition and informed the Court that the following interrogatories remained to be answered: Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 from Plaintiff's First Set of Interrogatories and all of plaintiff's document requests.

On August 19, 2003, this Court issued an Order granting plaintiff's motion to compel and directing Bakri to serve complete discovery responses to Interrogatory Nos. 1, 3, 6-12, 18-20, and 27-29 and produce responsive documents to all of plaintiff's document requests set forth in plaintiff's First Set of Interrogatories and Request for Production of Documents in his possession, custody, or control by September 2, 2003.

The Order further ordered that service of such responses and documents meant that plaintiff was to have received them by September 2, 2003.

On September 2, 2003, Bakri delivered responses to plaintiff's Interrogatory Nos. 1, 3, 6, 12, 18, 20, 27, and 29 to the U.S. Department of Labor office located in Minneapolis, Minnesota.[2] Bakri did not provide responses to plaintiff's other interrogatories – Interrogatory Nos. 7, 8, 9, 10, 11, 19, and 28 – or produce any documents in response to plaintiff's document requests.

Believing that Bakri had failed to comply with this Court's August 19, 2003 Order, plaintiff filed a Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief [Docket No. 30] on September 12, 2003 requesting, among other things, that Bakri's Answer be stricken for his failure to respond fully to discovery and comply with this Court's August 19, 2003 Order and default judgment be entered against Bakri. On September 23, 2003, this Court issued an Order directing Bakri to file a response to plaintiff's Motion to Strike by October 1, 2003 and plaintiff to file a reply by October 5, 2003. On October 1, 2003, Bakri filed a response to the Motion to Strike stating that plaintiff's motion should be denied because he had complied with this Court's Order dated August 19, 2003. He stated that he had personally delivered his complete answers to plaintiff's interrogatories to the U.S. Department of Labor office in

[2] Bakri subsequently claimed to have placed these responses in the mail to plaintiff's counsel this same day, however, plaintiff stated in her reply that no such responses were ever received from Bakri. Rather, plaintiff stated that the U.S. Department of Labor office in Minneapolis forwarded copies to plaintiff's counsel on October 1, 2003.

Minneapolis on September 2, 2003. In addition, Bakri stated that a second copy of such responses was mailed to plaintiff's office in Chicago on September 2, 2003.[3]

On February 23, 2004, this Court denied plaintiff's motion and again ordered Bakri to serve complete answers, without objections, to numerous pending interrogatories, and to serve complete responses and documents, without objections, to all of plaintiff's document requests by March 8, 2004. The Court also instructed Bakri on the proper procedure for filing documents with the Clerk of Court and his obligation to serve plaintiff's counsel with anything he filed with the Court.

On March 8, 2004, plaintiff's counsel received a facsimile transmission from Bakri containing two pages entitled "Answer to Interrogatories #1-3-7-8-9-10-11." No answers were received to Interrogatory Nos. 19 and 28, nor were any responses or documents produced in response to any of plaintiff's document requests.

On April 1, 2004, plaintiff brought her instant motion requesting that the Court strike defendant Bakri's Answer as a sanction for his repeated failure to comply with discovery and court orders. At the hearing on this motion, the Court went through the disputed interrogatories and outstanding document requests with Bakri, under oath and on the record, to secure complete responses from Bakri to all outstanding discovery. In addition, at the hearing plaintiff requested that the pretrial scheduling order be extended for 60 days, which was granted.[4]

---

3 Plaintiff stated in her reply that no such responses were ever received from Bakri.

4 Plaintiff requested an extension of the Pretrial Scheduling Order after the Court denied her motion. Plaintiff stated that such an extension was needed to attempt to locate documents and records identified by Bakri at the hearing in response to interrogatories and document requests and those Bakri stated he no longer possessed. The Court found that such an extension was warranted in light of the significant delays caused by Bakri's failure to comply with his discovery obligations.

## DISCUSSION

### I. Motion to Strike Defendant Bakri's Answer and For Other Appropriate Relief

Plaintiff's request to strike Bakri's Answer and enter default judgment against him is denied. Under the Federal Rules of Civil Procedure, a court may strike a party's Answer, enter default judgment against a party, and order other relief as is just for failure to serve responses or objections to discovery requests. FED. R. CIV. P. 37. However, the courts have the discretion to employ such sanctions. Id.; see also Lorin Corp. v. Goto Co., Ltd., 700 F.2d 1202 (8th Cir. 1983). This Court concludes that although Bakri's responses to the interrogatories are still incomplete and unresponsive and he has still failed to respond to plaintiff's document requests, he has been attempting to comply with his discovery obligations. Therefore, the sanction of striking his Answer is not warranted at this time.[5]

However, the Court cautions Bakri that if he fails once more to follow this Court's Order, this Court will consider appropriate sanctions against him, including entry of default judgment against him.[6]

J.S.M.

---

[5] Moreover, Bakri is pro se and, as such, is entitled to slightly more latitude than parties represented by counsel. "[C]ivil litigants who represent themselves benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994).

[6] "[P]ro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Fingerhut Corp. v. Ackra Direct Mktg. Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983) (stating that "pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law"). Thus, where a pro se litigant "fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).