**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**Civil No. 01-CV2374 (JRT/JSM)**

| | |
|---|---|
| **ELAINE L. CHAO, Secretary of Labor,** | ) |
| **United States Department of Labor,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GENERAL MAINTENANCE & FLOOR** | ) |
| **SERVICE, INC., a corporation,** | ) |
| **MICHAEL BAKRI, individually, and** | ) |
| **d/b/a GENERAL MAINTENANCE,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR OTHER APPROPRIATE RELIEF**

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, by counsel submits this memorandum in support of her motion for entry of an order striking defendant Michael Bakri's Answer for failure to comply to the Court's Orders of May 11 and 12, 2003, as well as additional sanctions for defendant Bakri's failure to comply with the Court's Order of March 8, 2004 to pay to plaintiff attorneys' fees and costs relating to an earlier discovery motion. The Secretary asks pursuant to Fed. R. Civ. P. 37 that default be entered against Defendant Michael Bakri. Further, plaintiff seeks an award, pursuant to Fed. R. Civ. P. 37(a)(4), of the reasonable expenses incurred in bringing this motion, including attorney's fees.

## INTRODUCTION

Defendant Michael Bakri has repeatedly failed to respond completely to discovery requests and to the orders of this Court. The Honorable Janie S. Mayeron, United States Magistrate Judge (the "Court"), has issued a number of orders seeking to compel Mr. Bakri to provide required information and has, from time-to-time, issued detailed instructions to Mr.

Bakri, clarifying and narrowing his obligations. [See Docket Entries # 29, 36, 38 and 48.[1]] On March 8, 2004, the Court entered an order, which has never been complied with, for the costs and fees incurred by the Secretary in preparation of one of a number of motions for sanctions she has filed. [Docket # 38.] However, in view of Mr. Bakri's *pro se* status, and his representations to the Court, the Court has declined to strike Mr. Bakri's answer and on each occasion has given Mr. Bakri another opportunity to come into compliance, while warning him that she would consider striking his answer if he continued to fail to meet his discovery obligations.

On May 11, 2004, in order to bring the discovery disputes to an end, the Court held an extended hearing at which she examined Mr. Bakri, under oath, with regard to the remaining discovery issues. At the conclusion of that hearing she ordered Mr. Bakri to serve certain documents on the undersigned attorney. Once again, Mr. Bakri has failed to comply with the Court's Order.

**Defendant Bakri has Once Again Failed to Comply with the Orders of this Court.**

During the hearing on May 11, 2004, the Court questioned Mr. Bakri closely about his responses to discovery requests and the availability of certain documents. [A transcript of this hearing has been filed with the Clerk of the Court at Docket # 50.]

The following dialogue occurred with regard to information about the locations of the various Rainbow Foods stores in the Twin Cities area:

> Q All right. If you were to sit down either with your wife or a phone book or something, Could you identify the actual addresses of each of the Rainbow Food stores?

[1] Documents previously filed with the Clerk of the Court will be referred to herein by Docket number and will not be refiled unless otherwise indicated. The Orders at Docket Entries # 38 and # 48 were filed as Exhibits to the Secretary's previously filed Notice of Defendant's Failure to Respond to Orders of the Court (See Docket Entry # 51.) Courtesy copies are provided to the Court and defendant Bakri herewith.

A Yes.

Q All right. I am going to ask you to do that and provide that to Mr. Grossman by a week from today.

A Yes.

Q. So today is May 11th. By May 18th I'm going to ask you to send him a copy - - I want you to provide him the address of each of the Rainbow Foods stores that you or General Maintenance provided services to in the Twin City area here in Minnesota --

A Yes, Your Honor.

Q - - all right, and the period in which those services were provided to each of those stores, if you know that.

A Yes, Your Honor.

Transcript 5/11/04 at 40,41.[2]

Even though he was personally instructed to do so by the Court, Mr. Bakri has not provided the information regarding the Rainbow Foods Stores he agreed, under oath, to provide.

Following a close examination of defendant Bakri, the Court gave Mr. Bakri clear and specific instructions to provide additional information to the Secretary on or before May 18, 2004. Mr. Bakri was ordered to provide (1) the documents he attempted to file with the Clerk of Court on April 30, 2004, to which he specifically referred during the hearing; (2) the third page of a facsimile transmission, to which he also referred at the hearing; and (3) "the written agreement(s), contract(s), or subcontract(s) to provide janitorial services to Rainbow Food Stores in Minnesota (a) between defendant Bakri and ICM, and (b) between defendant General Maintenance & Floors Services, Inc., and ICM." These instructions are contained in an Order

[2] Copies of pages 40 and 41 of the Transcript are submitted herewith as Exhibit 1. The entire transcript has been filed with the court at Docket Entry # 50.

dated May 12, 2004 and found at Docket Entry # 48.[3] As the Secretary has previously advised the Court in a Notice of Defendant's Failure to Respond to the Orders of the Court (Docket Entry # 50), plaintiff has received none of the materials specified in that Order nor any other response thereto.

FURTHER, as the Secretary has previously advised the Court, defendant Bakri has failed to comply with or respond to the Order entered on March 8, 2004 requiring defendant Bakri to pay to the plaintiff the amount of $540.00 in attorneys' fees and costs on or before March 22, 2004. [Docket Entry # 38.]

**An Order Striking Defendant's Answer and for Other Sanctions Should be Entered.**

As the Court observed in her previous Orders, the Federal Rules of Civil Procedure authorize a court to "strike a party's Answer, enter default judgment against a party or order other relief as is just for failure to serve responses or objections to discovery requests." Fed R. Civ. P. 37. In *Lorin Corporation. v. Goto Company, Ltd*, 700 F.2d 1202 (8th Cir. 1983), cited by the Court in her earlier rulings, the Eighth Circuit affirmed the dismissal of a complaint for failure to comply with a discovery order and for failure to prosecute. However, considering Mr. Bakri's *pro se* status, the Magistrate Judge has previously concluded that the "drastic sanction of entering default or striking Bakri's Answer [was] not warranted at [that] time." The court expressly observed, however, that "where a *pro se* litigant 'fails to comply with an easily understood court deadline, there is no basis for treating that party more generously than a represented litigant,'" citing *Pilgrim v. Littlefield*, 92 F.3d 413,414 (6th Cir. 1996). *See, also, Fingerhut Corp. v. Acra Direct Mktg. Corp*, 86 F.3d 852, 856 (8th Cir. 1996), and *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir

[3] A courtesy copy of the May 12, 2004 Order is provided to the Court together with the hard copy of this memorandum. A copy has also been served on defendant Bakri herewith.

1993). Mr. Bakri has repeatedly failed to meet the deadlines and requirements of this Court, beginning with his failure to file a timely Answer and his failure to serve copies of various documents upon the Secretary throughout this litigation. The Court has been extremely patient with defendant Bakri.

In her earlier Orders, the Court, therefore, expressly cautioned Mr. Bakri that if he continued to fail to comply, the Magistrate Judge would entertain a motion from plaintiff to enter default judgment against him and for other appropriate sanctions. The Magistrate Judge stated, "However, the Court cautions Bakri that if he fails once more to follow this Court's Order, this Court will consider appropriate sanctions against him, including entry of default judgment against him." [Order of May 12, 2004. Docket Entry # 48.]

Although Mr. Bakri is a *pro se* defendant, his current failure to comply with specific orders of the Court, fashioned by the Court after close examination of Mr. Bakri by the Court to determine what materials he actually had, requires more drastic sanctions. In view of defendant Bakri's repeated failure to comply with discovery requests and the Orders of the Court, it is appropriate to strike Bakri's Answer and to enter default.

The Court granted to the plaintiff the fees and costs related to one of her previous motions to compel. In view of Mr. Bakri's continued failure to comply with the Orders of this court, an award pursuant to Fed R. Civ. P. 37(a)(4) permitting reasonable expenses incurred in bringing this motion, including attorney's fees, is also appropriate.

**Conclusion**

WHEREFORE, the Secretary respectfully asks that the Court enter an Order declaring that Defendant Michael Bakri's Answer be stricken and that the Clerk shall enter default against him, together with the costs incurred in this motion.

Respectfully Submitted,

**HOWARD M. RADZELY**
Solicitor of Labor

Dated: July 16, 2004

**JOAN E. GESTRIN**
Regional Solicitor

s/Leonard A. Grossman
**LEONARD A. GROSSMAN**
Attorney

Attorneys for **Elaine L. Chao,**
Secretary of Labor,
United States Department of Labor,
Plaintiff

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Room 844
Chicago, Illinois 60604
Telephone: (312) 353-5709