UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

CIVIL NO. 01-2374 (JRT/JSM)

Plaintiff,

v.

ORDER

GENERAL MAINTENANCE &
FLOOR SERVICE, INC and
MICHAEL BAKRI, individually
and d/b/a General Maintenance,

Defendants.

JANIE S. MAYERON, U.S. Magistrate Judge

This matter is before the undersigned upon plaintiffs' request for costs and attorneys fees incurred in bringing the Motion to Strike Answer [Docket No. 53]. Leonard Grossman, Esq. appeared in behalf of plaintiff Elaine Chao. Defendant Michael Bakri appeared pro se.

The Court, upon all of the files, records, and proceedings herein and for the reasons stated on the record at the hearing, now makes and enters the following Order.

**IT IS HEREBY ORDERED that:**

1. Defendant Bakri shall pay to plaintiff's attorney the amount of $1,006.38 on or before September 13, 2004.

2. Failure to comply with this Order and the Court's Order dated March 8, 2004, which also awarded attorneys' fees and costs in the amount of

$540.00, may result in further sanctions against defendant Bakri.

Dated: August 27, 2004

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

In this Court's Order dated August 17, 2004, this Court granted plaintiff's motion for attorney's fees and costs incurred in bringing the Motion to Strike Answer [Docket No. 53]. At the Court's request, plaintiff submitted a declaration setting forth the time and expenses incurred in pursuing this motion. Plaintiff has requested a total of $2,356.38 in attorneys fees. Specifically, plaintiff has sought reimbursement for the following, at a billable rate of $135.00 an hour:

- $405.00 for the preparation of the motion and supporting brief (3 hours)
- $1,350.00 for the travel time from Chicago to the hearing in Minneapolis (10 hours)
- $135.00 for attending the hearing (1 hour)
- $199.01 for the cost of air travel from Chicago to Minneapolis
- $79.00 for the cost of ground transportation
- $111.87 for the cost of lodging in Minneapolis
- $76.50 for the cost of meals and incidental travel expenses

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate." Hennsley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Gumbhir v, Curators of the Univ. of Missouri, 157 F.3d 1141, 1146 (8th Cir. 1998) (citations omitted); Transclean Corp. v. Bridgewood Services, Inc., 134 F. Supp.2d 1049, 1052 (D. Minn. 2001). This approach is referred to as the lodestar method. Once a lodestar amount is determined, the court then considers the relevant factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to increase or decrease the loadstar figure if appropriate. Gopher Oil Co., Inc. v. Union Oil Co. of California, 757 F. Supp. 998, 1009 (8th Cir. 1991) (citation omitted).

These factors include:

> (1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) Awards in similar cases.

Id. at 1011 n. 16 (citing Johnson, 488 F.2d at 717-19). Even though the Johnson factors may be used to raise or lower he lodestar amount, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id.

The Court concludes that the amount of time submitted by plaintiff's counsel regarding travel from Chicago to Minneapolis is not reasonable and has, therefore, reduced the award of attorneys' fees by the amount claimed for this travel time. Plaintiff's travel costs are being reimbursed by defendant Bakri. As such, the Court

does not find that also paying for counsel's time on the airplane and traveling to the hotel, when counsel may or may not have been performing work in connection with this motion, is warranted. Accordingly, the Court has deducted the portion of the fee request representing travel time from the total submitted by plaintiff's counsel and, as such, orders defendant Bakri to pay plaintiff's counsel $1,006.38.

J.S.M.