**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,** | ) |
| **Plaintiff,** | ) **Civil No. 01-CV2374 (JRT/JSM)** |
| **v.** | ) |
| **GENERAL MAINTENANCE & FLOOR SERVICE, INC., a corporation, MICHAEL BAKRI, individually, and d/b/a GENERAL MAINTENANCE,** | ) |
| **Defendants.** | ) |

**SECRETARY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, by counsel, respectfully moves, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment against defendant Michael Bakri.

This action was filed on December 26, 2001, seeking to enjoin the individual and corporate defendants from violating the provisions of sections 6,7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA" or "Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount in liquidated damages pursuant to section 16(c) of the Act. A default judgment was entered against the corporate defendant on March 15, 2004 [Docket Entry #40]. This motion seeks to establish Michael Bakri's liability as well.

The undisputed facts demonstrate that the individuals who performed floor cleaning services for General Maintenance & Floor Cleaning Service, Inc., and for Michael Bakri (Bakri), both individually and d/b/a/ General Maintenance, were employees within the meaning of the FLSA and that defendant Michael Bakri was an employer of those employees within the meaning of Section 3(d) of the Act during the entire investigation period, whether acting on his own behalf or that of the corporate defendant, and as such is liable for back wages for the entire period. Further, Michael Bakri failed to keep records of the hours worked by his employees as required by section 11(c) of the Act and the regulations issued thereunder. Finally, defendant Bakri failed to pay some of his employees the minimum wage required by the section 6 of the Act (29 U.S.C. 206) in some workweeks, and never paid overtime compensation required by section 7 of the Act (29 U.S.C. section 207) to any of his employees.

There being no genuine dispute of material fact, the Secretary is entitled to summary judgment on these issues as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). To the extent the Court finds that summary judgment is appropriate on some but not all issues raised in this memorandum, the Secretary asks that partial summary judgment be granted on those issues and that the remaining issues be reserved for trial.

In support of this motion, the Secretary relies on a memorandum of law and exhibits submitted herewith, as well as certain documents previously filed with the Court.

Plaintiff therefore asks the court to enter an Order pursuant to section 17 of the Act enjoining Michael Bakri from violating the provisions of sections 6,7, 11 and 15 of the Act; and, pursuant to section 16(c) of the Act, requiring Michael Bakri to pay $67,386.37 in unpaid minimum wage and overtime compensation owing to employees." Plaintiff also asks the court to

order defendant, pursuant to Section 16(c) of the Act to pay an additional amount, equal to the back wages, as liquidated damages.

Date: September 13, 2004

Respectfully submitted,

**Howard M. Radzely**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

s/Leonard A. Grossman
**LEONARD A. GROSSMAN**
Attorney
Attorneys for **ELAINE L. CHAO**,
Secretary of Labor, United States
Department of Labor, Plaintiff

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Rm. 844
Chicago, Illinois 60604
Telephone: 312/353-5709