**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 01-CV2374 (JRT/JSM)** |
| **v.** | ) | |
| **GENERAL MAINTENANCE & FLOOR SERVICE, INC., a corporation, MICHAEL BAKRI, individually, and d/b/a GENERAL MAINTENANCE,** | ) | |
| **Defendants.** | ) | |

**SECRETARY'S POST HEARING SUBMISSION**

At the hearing on Summary Judgment, November 9, 2004, the Court raised a number of matters that require a post hearing submission by the Secretary. Therefore, Elaine L. Chao, Secretary of Labor, United States Department of Labor, by counsel submits this post hearing submission. The Secretary reserves the right to file an additional response if Defendant Bakri submits any additional materials. As of this date, the Secretary has not received any post hearing submissions from the Defendant.

**A. The Rolling Quarters method of determining coverage under the FLSA.**

During the hearing a question arose as to the correct way to determine the annual dollar volume of a business midway through the year, especially where, as here, the business apparently did not continue in operation throughout the final year of the investigation period. The rolling quarters method of determining annual dollar volume under the FLSA is set forth at 29 C.F.R. §779.266, which states, *inter alia,*

> (b) In order to determine, when there may be doubt, whether an enterprise or establishment has an annual gross volume of sales made or business done in excess of the amount specified in the statute, an analysis will be made at the beginning of each quarter-year so that the employer will know whether or not the dollar volume tests have been met for the purpose of complying with the law in the workweeks ending in the current quarter-year. The total of the gross receipts from all its sales or business during a 12-month period which immediately precedes the quarter-year being tested will be the basis for analysis.

In the instant matter, as demonstrated in the Secretary's Motion For Summary Judgment, the annual dollar volume of the enterprise exceeded $125,000 per quarter and $500,000 per year continuously throughout the period of the investigation. *See*, *Donovan v. I-20 Motels, Inc.,* 664 F.2d 957 (5th Cir. 1981), and *Burnley et al. v. Short et al.*, 730 F.2d 136 (4th Cir. 1984).

**B. The DOL investigation supports the investigator's determination that $67,386.37 in back wages are due to 23 employees.**

During the hearing the Court asked the Plaintiff to provide additional information supporting the investigator's determination regarding the back wages due.

The DOL conducted an investigation of the wages, hours, and other conditions and practices of employment maintained by General Maintenance & Floor Service, Inc., for the purpose of determining whether defendants had violated any of the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.), hereinafter called the Act. That investigation covered the period between March 1, 1999 and August 29, 2001. DOL investigators interviewed and/or obtained survey responses from twenty-three employees of the defendants, in both Louisiana and Minnesota. DOL investigators interviewed defendant Michael Bakri, as well as officials of some of the companies with which defendants did business. The

investigation also included review of records provided by defendants and others. Mr. Bakri never provided any record of hours worked, but said repeatedly during the investigation, as he has before this Court, that employees were paid by the shift and not hourly. Employees reported regularly working as much as seven days a week and up to ten hours a day, and sometimes more Although there were variations, based on the entire investigation, including review of the interviews and the other information obtained, Investigator Tout-Nava established a "profile workweek" of 63 hours per week for employees in Minnesota. That amount was varied based on more specific information regarding the first two weeks of work for which no compensation was received, according to many employees. Information regarding the Louisiana employees resulted in variations ranging from 42 to 66 hours per week for those employees.

Based on the foregoing methodology Investigator Tout-Nava determined that $67,386.37 in unpaid minimum wage and overtime compensation was due 23 employees for the period covered by the investigation.

Submitted herewith as Exhibit 1 is the Declaration of Kristin Tout-Nava setting the basis of her findings. Also submitted herewith is a Summary of Back Wages Due (WH-55)(Exhibit 2), and Wage Transcription and Computation Sheets (WH-56) (Exhibit 3) for each employee.

Finally, copies of the interview statements from each employee for whom back wages have been calculated are provided herewith together with supporting materials (Exhibit 4). Pursuant to the Federal Informer's Privilege, the names and identifying information contained on the employee documents submitted in Exhibit 4 have been redacted, except in instances where employees gave authorization to use their names. *See*, *Brennan v. Engineered Products*, 506 F.2d 299 (8th Cir. 1974). Most of the interviews were taken in Spanish. The Spanish versions of

the interviews are provided, together with translations prepared by DOL investigators.

Exhibit 4 also contains a summary of information provided by Michael Bakri. Mr. Bakri declined to sign the statement. Finally, Exhibit 4 contains information provided by Diana Horner of ICM, and Roy Biles, Jr. of BEL Services, both companies for whom Defendants performed services.

Review of these materials amply supports the conclusions of the Investigator, especially in the instant situation, where defendant repeatedly has acknowledged that he did not record the hours of the employees and that he paid only on a shift or "per clean" basis. *See* *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680 (1946).

**C. Contracts with ICM.**

During the hearing a question arose as to information contained in contract documents submitted by Mr. Bakri to ICM. The undersigned attorney recalled seeing such documents in the file and agreed to produce them. Review of the file reveals two documents that come within the description of the documents referred to by Mr. Bakri at the hearing. Both of these documents were provided to DOL by ICM. Exhibit 5 is a "Subcontractor Data Sheet," signed by Mr. Bakri. Although dated December 5, 2000, the top of the document bears the fax notation "01/30/2001" and indicates it was sent by Michael Bakri. It appears that this document was sent by him to ICM on that date. The company name set forth thereon is "General Maintenance and Floor Service, Inc." Exhibit 6 is an undated "Subcontractor Agreement" received from ICM. Unfortunately the right margin of that document was been cut off in copying or transmittal. The Subcontractor's name is truncated on all copies of that document in the possession of the DOL, reading "General Maintenance & Floor Serv" [*sic*]. It is signed by Michael Bakri.

Conclusion

This memorandum is submitted solely to address issues raised by the Court during the hearing. The facts asserted by the Secretary in her Motion for Summary Judgment remain undisputed, regardless of the unsworn comments of Michael Bakri in court. Mr. Bakri has repeatedly asserted, during the investigation, in response to discovery, and in sworn responses to questions asked by the Court, that he did not record hours worked, that he did not pay overtime and he has admitted that on some occasions he did not pay wages for the first week or two of employment when due. In view of those admissions he cannot now create a genuine dispute of fact by submitting an affidavit to the contrary or by submitting documents this long after the close of discovery, especially in view of the intensive efforts of the Court and the undersigned attorney to get complete information from Mr. Bakri during the course of the litigation. This is even more so in view of the fact that Mr. Bakri's response to the Secretary's brief was due 20 days before the hearing on the motion for summary judgment and yet he arrived at Court with merely the assertion that he would submit documents later. As of this date, no post hearing submission has been received. However, should Mr. Bakri file any documents or material at this late date, the Secretary respectfully asks leave to file a reply in response thereto

The undisputed facts establish that defendant Bakri was an employer subject to the Act during the entire period covered by the investigation. The undisputed facts further establish that defendants are covered by the FLSA and that they have failed to pay the required minimum wage or overtime compensation to their employees and that they have failed to keep and maintain accurate records of the hours worked by many of their employees, in violation of sections 6, 7 and 11 of the Act. Defendant Bakri has been the responsible employer during the

entire period covered by the investigation. The facts related to these issues are undisputed. Therefore, the Secretary is entitled to summary judgment as a matter of law.

Plaintiff therefore asks the court to enter an Order pursuant to section 17 of the Act enjoining Michael Bakri from violating the provisions of sections 6,7, 11 and 15 the Act; and, pursuant to section 16(c) of the Act, requiring Michael Bakri to pay $67,386.37 in unpaid minimum wage and overtime compensation owing to employees. Plaintiff also asks the court to order defendant, pursuant to Section 16(c) of the Act, to pay an additional amount equal to the back wages as liquidated damages.

Dated:_____________________

Respectfully Submitted,
**HOWARD M. RADZELY**
Acting Solicitor of Labor
**RICHARD J. FIORE**
Regional Solicitor

_______________________________
**LEONARD A. GROSSMAN**
Attorney

Attorneys for **Elaine L. Chao,**
Secretary of Labor,
United States Department of Labor,
Plaintiff

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Room 844
Chicago, Illinois 60604
Telephone: (312) 353-5709