**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 01-CV-2374** |
| **v.** | ) | |
| **GENERAL MAINTENANCE & FLOOR SERVICE, INC., a corporation, MICHAEL BAKRI, individually, and d/b/a GENERAL MAINTENANCE,** | ) | **Equitable Relief Sought** |
| **Defendants.** | ) | |

**DECLARATION OF INVESTIGATOR IN SUPPORT OF SECRETARY'S MOTION FOR SUMMARY JUDGMENT**

Now comes **Kristin Tout-Nava,** and states as follows:

1. I am and at all times hereinafter mentioned have been employed by the Wage and Hour Division of the United States Department of Labor ("DOL") as an Investigator in the Minneapolis District office.

2. The DOL conducted an investigation of the wages, hours, and other conditions and practices of employment maintained by **General Maintenance & Floor Service, Inc.**, a corporation and **Michael Bakri,** an individual, defendants in the above-styled action, for the purpose of determining whether defendants had violated any of the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.), hereinafter called the Act. That investigation covered the period between March 1, 1999 and August 29, 2001.

3. DOL investigators interviewed and/or obtained survey responses from twenty-three employees of the defendants, in both Louisiana and Minnesota. Most of the interviews were

conducted in Spanish. Redacted copies of the interview statements and surveys, together with translations thereof from Spanish to English, where necessary, are provided herewith, together with some supporting documents provided by the employees. A summary of Mr. Bakri's interview is also provided.

4. DOL investigators interviewed defendant Michael Bakri, as well as officials of some of the companies with which defendants did business. The investigation also included review of records provided by defendants and others.

5. Mr. Bakri never provided any record of hours worked, but said that employees were paid by the shift and not hourly.

6. Employees reported regularly working as much as seven days a week and up to ten hours a day, and sometimes more.

7. Although there were variations, based on the entire investigation, including review of the interviews and the other information obtained, I established a "profile workweek" of 63 hours per week for employees in Minnesota. That amount was varied based on more specific information regarding the first two weeks of work which, many employees reported, was never paid. Information regarding the Louisiana employees resulted in variations ranging from 42 to 66 hours per week for those employees.

8. Based on the foregoing methodology I determined that $67,386.37 in unpaid minimum wage and overtime compensation was due 23 employees for the period covered by the investigation.

Pursuant to 28 U.S.C. Sec. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 11/15/2004

s/Kristen Tout-Nava
**KRISTEN TOUT-NAVA**