**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil No. 01-CV2374 (JRT/JSM)** |
| **GENERAL MAINTENANCE & FLOOR SERVICE, INC., a corporation, MICHAEL BAKRI, individually, and d/b/a GENERAL MAINTENANCE,** | ) |
| **Defendants.** | ) |

**SECRETARY'S REPLY TO**
**"DEFENDANTS RESPOND (sic) FOR SUMMARY JUDGMENT"**

On Monday, December 13, 2004, this office received a telefaxed document entitled "Defendants Respond For Summary Judgment." We also received that date an untitled pleading (three pages including caption) from Defendant Bakri together with a number of exhibits.[1] Although the Court granted Bakri a short time to make additional submissions, these materials were received more than one month after the hearing. The telefaxed document and the untitled document are very similar, therefore we will respond to both simultaneously. We will not seek to repeat arguments made in our earlier memoranda, but incorporate those herein.

[1] The telefaxed document may have been received during the preceding weekend. We appreciate the Court's courtesy in advising this office of additional materials it had received from Bakri and forwarding them to this office.

The clear purpose of Bakri's late submission is to create a dispute of fact in order to defeat summary judgment in this matter. Once the moving party has filed a properly supported motion for summary judgment, the burden shifts to the nonmoving party to point out genuine issues of material fact that would preclude judgment as a matter of law for the moving party. Fed.R.Civ.P. 56(e); *See, e.g., Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808-09 (8th Cir.2002)." A party opposing summary judgment may not rest upon 'mere allegations or denials' contained in its pleadings, but must, by sworn affidavits and other evidence, 'set forth specific facts showing that there is a genuine issue for trial.' Fed. R. Civ. P. 56(e)" *Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 654 (8th Cir.2000).

Bakri has not submitted any material under oath that contradicts the facts asserted by the Secretary on summary judgment. His argument is unsworn and unlike the situation at the earlier hearing where Mr. Bakri was examined under oath by the Court, he was not sworn at the hearing on summary judgment. Further, the documents he has submitted do not contradict any material fact asserted by the Secretary. Therefore Bakri's submissions are insufficient to create a dispute with the evidence presented on behalf of the Secretary in these proceedings.

However, even if Bakri's submissions were sworn, and they were not, and even if his "testimony" had been under oath, and it was not, they would not create a dispute of material fact sufficient to defeat the Secretary's motion. Most of his assertions are conclusions of law and not assertions of fact. To the extent he has asserted facts, they do not materially conflict with those asserted by the Secretary.

Defendant's denial that he violated the Fair Labor Standards Act is a conclusion of law, not a denial of fact. Defendant's denial that he or General Maintenance and Floor Service owe any

compensation for unpaid minimum wage or overtime is a conclusion of law not a denial of fact.

Bakri testified under oath before this court that the company's income was $125,000 per quarter in 2001. He now submits a W2 for the year 2001, purporting to show that his gross receipts from ICM in 2001 were $214,876. He shows no separate figures for the business entity. This document is unsigned, but assuming it accurately reflects the income of the business for the half of 2001 that it was in operation, when combined with the income of the enterprise in 2000, which, based on Bakri's own testimony, was $156,000 per quarter, the business never dropped below $500,000 in annual dollar volume on a rolling quarter basis.

The Secretary does not dispute that the defendant worked as a subcontractor for Industrial Cleaning Management (ICM). In repeated appearances before the Court, Bakri insisted that although he kept no records, ICM's records would show the days and hours worked by the employees. Therefore, we obtained copies of those documents and provided examples to the Court. Now Bakri plays armchair detective and purports to analyze the handwriting on the examples provided. Bakri has had over two years to obtain these records and to review them. His unfounded assertion that he "know[s] that these documents have been tampered with because no one worked more than 6 days a week," should be given no credence.[2]

[2] Note, however, the slight difference in the parenthesis and the characters therein on check #6213 in the memo field on the document provided by Bakri with his memorandum as compared to the same check obtained by the DOL during the investigation. (The Secretary's redacted copy of the check referred to was included in Exhibit 4 submitted with the Secretary's Post Hearing Memorandum. It was marked Exhibit B-18e. It can be found on page 26 of the .pdf file and is submitted herewith as Exhibit 1). The exhibit submitted by the Secretary indicates the employee worked 13 days during the pay period covered by the check. It would appear that the check to Artemio Moreno submitted by Mr. Bakri has been altered to some extent. The Secretary draws no conclusions with regard thereto.

Bakri kept no records of hours or days worked and he referred the Court and the Secretary to the very records he now would challenge. His assertions with regard thereto create no genuine dispute of fact.

More interesting is that the example Bakri sets forth in his memorandum actually demonstrates the nature of his violations, although it understates their extent. Bakri has repeatedly insisted that his employees were paid on a shift or "per clean." 29 C.F.R. §778.112 expressly provides,

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours a day or at the job, and if he receives no other compensation for his services, his regular rate is determined by totaling all of the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the work week.

In the example Bakri gives, the employee worked 42 hours per week and received $258.00.[3] Wages cannot be calculated by backing out separate rates for straight time and overtime from gross wages. In that week the employee's regular rate, calculated by dividing the gross wage by the hours worked, would be $6.14 per hour. The overtime premium would be $3.07 Since he worked two hours of over time, he would be due an additional $6.14 in overtime for that work week.

Bakri's assertion that the checks demonstrate that the employees made more than the minimum wage is not relevant. The Secretary has never asserted that Bakri paid less than the minimum wage when he paid employees. Rather, we have asserted that he failed to pay some employees at all for their first weeks of pay and that on some occasions he failed to issue final

[3] Just as there is no support for Bakri's assertion with regard to days and hours worked, there is no support for his assertion that employees took one hour breaks, especially on a job like this, in the middle of the night.

paychecks. There would be minimum wage violations in those weeks.

At oral argument, perhaps to bolster his argument that the workers were independent contractors, Bakri indicated that he did not make social security payments on behalf of his employees and failed to meet other obligations of employers. Far from establishing that the workers were not employees, his testimony merely indicates that his violations of the law may extend beyond the jurisdiction of the Secretary.

In his conclusion Bakri asks for an "extension." It is not clear what he seeks to extend. Briefing and argument on Summary Judgment have been completed. He has been given an extraordinary opportunity to submit documentation after argument in this matter. At the hearing he indicated he would be submitting documents and affidavits later that day. The documents he submitted establish nothing, and he has submitted no affidavits or other sworn information. All that remains is for the Court to issue its recommended decision on Summary Judgment, and for final judgment to issue.[4]

[4] We also note that this Court twice ordered Bakri to pay the costs of the Secretary with regard to certain discovery motions. Bakri has not complied with those orders.

There being no dispute of material facts, summary judgment should be entered on behalf of the Secretary.

Respectfully submitted,

**HOWARD M. RADZELY**
Solicitor of Labor
**JOAN E. GESTRIN**
Regional Solicitor

Dated: December 21, 2004

s/ Leonard A. Grossman
**LEONARD A. GROSSMAN,** attorney
Attorneys for **Elaine L. Chao,**
Secretary of Labor,
United States Department of Labor,
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Telephone: (312) 353-5709