**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

**GENERAL MAINTENANCE AND FLOOR SERVICE, INC**., and **MICHAEL BAKRI**, individually and d/b/a General Maintenance,

Defendants.

Civil No. 01-2374 (JRT/JSM)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Leonard A. Grossman and Linda J. Ringstad, United States Department of Labor, **OFFICE OF THE SOLICITOR**, 230 South Dearborn Street, Suite 844, Chicago, IL 60604, for plaintiff.

Michael Bakri, 1108 Meadowwood Drive, Brooklyn Park, MN 55444, defendant ***pro se***.

The United States Department of Labor (plaintiff or "DOL") brought suit against defendants in 2001, alleging that they had violated various provisions of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. On March 15, 2004, a default judgment was entered against General Maintenance and Floor Service, Inc., leaving Michael Bakri, individually and d/b/a General Maintenance ("Bakri"), as the sole remaining defendant. Plaintiff brought a motion for summary judgment. Following a hearing, United States Magistrate Judge Jaynie S. Mayeron recommended granting

plaintiff's motion for summary judgment in its entirety. Bakri filed an objection to the Magistrate Judge Report and Recommendation dated July 28, 2005. The Court has conducted a *de novo* review of the defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2), and for the reasons set forth below, overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Beginning in 1989, Fatme Hoteit, Bakri's mother, incorporated and managed General Maintenance and Floor Service, Inc., which performed floor-cleaning services for grocery stores. Bakri began working for the corporation in 1997 and was considered the manager of the corporation from 1997 until 2000. In that position he signed checks and papers, hired and paid workers, and told them where to work. In 2000, Bakri's mother left the country, and Bakri took over the business entirely. Bakri stated that the business ceased to be operated as a corporation in 2000, however, he continued to operate the business as "General Maintenance," working under the business's existing contracts, and using the same business accounts. Bakri also stated that he never informed his contractors of the changes to the business's name or structure.

The DOL began an investigation into defendants' labor practices covering the period from March 1, 1999 to August 29, 2001. Following its investigation, the DOL brought suit against defendants, arguing that they had violated the FLSA by failing to pay required minimum wage and overtime compensation, and also by failing to keep required

records. The DOL argues, and this Court agrees, that it is entitled to judgment as a matter of law on its FLSA claims.

## ANALYSIS

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

## I. REQURED RECORDS

Bakri objects to the Magistrate Judge's determination that he failed to keep records required by the FLSA.

Under 29 U.S.C. § 211(c), employers are required to make, keep and preserve records of the wages and hours of their employees. *See also* 29 C.F.R. 516(a) (regulation specifying records to be kept).

Bakri testified at his deposition on April 28, 2003, that such records had never been created.[1] Later, during a hearing before the Magistrate Judge on May 11, 2004, the Magistrate Judge directly questioned Bakri regarding the existence of such records. Bakri again testified that such records had never been created:

> Q: Did it [the missing records] show the hours worked each workday by an employee or did it simply say they worked the evening shift?
>
> A. We explained to him very clearly. Nobody work under the hourly wage. They work per night. There's no hour. They come for example, at ten o'clock. If they finish their work by two or three, they can go.
>
> Q. So they were paid a set rate for the cleaning job?
>
> A. Correct, Your Honor.
>
> Q. All right. ***So your records didn't reflect the hours that were worked each day by a person?***
>
> A. ***Never, Your Honor.***

May 11, 2004 Transcript at 44 (emphasis added). Based on Bakri's sworn testimony that such records had never been created, the Magistrate Judge found that Bakri had failed to comply with the FLSA's record-keeping requirements.

Bakri objects to this finding, and produced, as an exhibit to his objection, an affidavit where he states that such records were created and kept, and that he was only

[1] *See* Bakri Dep. at 61:21-22:

> Q: Did you keep records of their actual hours?
>
> A: No.

recently able to "obtain" the records. The exhibit also included a few "examples" of the recently obtained records.

Bakri does not explain why the documents now appear to exist, when he testified on two previous occasions that such documents had never been created. Indeed, he makes no reference to, or acknowledgment of, his earlier sworn testimony. In addition, Bakri fails to offer any reason or explanation why it took him over four years to retrieve these documents.[2]

By submitting documents that clearly were within the scope of discovery requests, Bakri is essentially requesting this Court to reopen discovery. Once discovery has closed, it is within the district court's discretion whether or not to allow it to be reopened. *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1024 (8th Cir. 2003) (citing *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir. 1997)). "A district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the Court's pre-trial order, and such a ruling will be reversed on appeal only for abuse of discretion." *Id.* (citing *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 51 (8th Cir. 1982)). In *Philip*, the Eighth Circuit held that the district court did not abuse its discretion in rejecting the plaintiff's affidavit filed eighteen months after the close of discovery, in which he set forth additional allegations supporting his claims. "Ford had a

[2] In his objection, Bakri states that the records were in Lebanon with his mother, however, he does not offer any reason why he could not have "obtained" the documents from his mother while discovery was open. Indeed, the record shows that Bakri has persistently refused to respond to discovery requests or comply with deadlines over the course of this lawsuit. *See, e.g.*, August 19, 2003 Order [Docket No. 29] granting DOL's motion to compel.

right to timely disclosure of Philip's allegations, and the district court's refusal to allow the untimely disclosure was not an abuse of discretion." *Id.*

Discovery in this case closed on June 15, 2003 – over two years ago. Here, as in *Philip*, the DOL had a right to timely disclosure of Bakri's allegations and records. *Id.* Bakri has not offered any reason why he was unable to "obtain" these documents during the past four years. Based on the length of time between the close of discovery and Bakri's disclosure, as well as Bakri's failure to identify or offer any reason for his untimely disclosure, the Court will not consider Bakri's affidavit or accompanying documents.

Moreover, even if the Court were to consider Bakri's recently submitted affidavit and documents, they would not create genuine issues of material fact sufficient to withstand the DOL's motion for summary judgment. A party cannot create genuine issues of fact in an effort to defeat summary judgment by filing an affidavit contradicting sworn testimony. *Marathon Ashland Petroleum, LLC. v. Int'l Bhd. of Teamsters*, 300 F.3d 945, 951 (8th Cir. 2002); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365-66 (8th Cir. 1983). In *Camfield*, the Eighth Circuit held that the district court did not err in granting the defendant's motion for summary judgment, holding that the plaintiff's filing of an affidavit that contradicted his deposition testimony created only a "sham" issue of fact, rather than a "genuine" issue of fact. *Camfield*, 719 F.2d at 1366. In reaching this conclusion, the court noted the following regarding the "sham" affidavit:

> Unlike the affidavit in *Kennett-Murray*, Camfield's affidavit does not explain aspects of his deposition testimony, nor does the deposition reflect any confusion on Camfield's part that might require explanation. By filing

> an inconsistent affidavit, Camfield created issues concerning his instructions regarding the check and concerning his own credibility. The issues Camfield thereby injected, however, were not genuine because the circumstances in this case do not suggest legitimate reasons for Camfield's filing of the inconsistent affidavit.

*Id.* at 1365.

The circumstances here are similar to those in *Camfield*. Bakri's affidavit does not explain aspects of his deposition testimony, or his testimony at the May 11, 2004, hearing. Neither the deposition, nor the hearing, reflects any confusion on Bakri's part. Indeed, the transcript of the hearing shows that the Magistrate Judge carefully questioned Bakri on this precise issue, and that Bakri clearly and unequivocally answered that the required records had "never" been created. In sum, there are no circumstances suggesting legitimate reasons for the untimely disclosure of Bakri's inconsistent affidavit and documents.

Accordingly, because discovery closed over two years ago, and because Bakri cannot contradict his prior sworn testimony to evade summary judgment, the Court holds that defendant violated the FLSA by failing to keep required records.

## II. MINIMUM WAGE, OVERTIME AND BACKPAY

Bakri objects to the Magistrate Judge's minimum wage, overtime and backpay determinations.

An employer must pay employees at least the minimum wage of $5.15 per hour, and must pay employees overtime when they work more than forty hours in a workweek. 29 U.S.C. § 206(a)(1) (minimum wage); 29 U.S.C. § 207(a)(1) (overtime); 29 C.F.R.

§ 778.112 (method of calculation of regular and overtime pay rate for an employee who is paid a flat sum). In cases involving a failure to pay minimum wage or overtime where an employer has failed to keep records showing the actual hours worked, courts do "not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." *Martin v. Tony & Susan Alamo Found.*, 952 F.2d 1050, 1052 (8th Cir. 1992) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Further, the employer "cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had [the employer] kept records in accordance with the [FLSA]." *Id.* (citing *Mt. Clemens Pottery*, 328 U.S. at 688).

The Magistrate Judge found that Bakri failed to pay minimum wage and overtime. This finding was based on evidence including records from defendant's contractors, interviews of employees, and Bakri's testimony at his deposition[3] and at the May 2004 hearing that he withheld employees' first pay-period wages, and that he did not pay his employees overtime.[4]

---

[3] Bakri testified at his deposition:

Q: But you never did pay overtime to any of these employees?

A: No, there is no overtime.

Q: No matter how many hours they worked in a week?

A: Correct.

Bakri Dep. at 61:15-22.

[4] Bakri testified that he did not pay his employees an hourly rate, but rather paid them a flat sum by the shift. *See, e.g.*, May 11, 2004 Transcript at 26, 44-45.

In his objection, Bakri claims that he paid all wages due. Bakri does not, however, dispute the evidence before the Magistrate Judge showing that he withheld employees' wages and that employees worked in excess of forty hours per week. Rather, he appears to object to the Magistrate Judge's minimum wage, overtime and backpay determinations because the evidence before the Magistrate Judge did not include records showing the precise hours worked by Bakri's employees.

First, as an employer covered under the FLSA, Bakri had a duty to keep records showing the actual hours worked by his employees. *See supra* Part I. Bakri, similar to the employer in *Martin*, cannot now be heard to complain that the amount of damages for minimum wage, overtime and backpay lacks precision or exactness because he failed to keep records showing the exact hours worked. The Magistrate Judge determined the amount of damages based on the "just and reasonable inference" from the evidence presented.

Second, to the extent that Bakri is now claiming that records exist showing the actual number of hours worked by his employees, that claim would flatly contradict his testimony at his deposition and at the May hearing, where he testified that employees were paid a flat rate per shift, and that no records were ever created showing the actual hours worked. *See supra* Part I. Bakri cannot create a genuine issue of fact by submitting, long after the close of discovery, an affidavit and documents that explicitly contradict his prior sworn testimony. *See, e.g., Marathon*, 300 F.3d at 951; *Camfield*, 719 F.2d at 1365-66; *Philip*, 328 F.3d at 1024; *Boardman*, 106 F.3d at 843; *Dabney*, 692 F.2d at 51.

Accordingly, the Court holds that defendant violated the FLSA by failing to pay required minimum wage and overtime.

## III. LIQUIDATED DAMAGES

Bakri objects to the Magistrate Judge's determination that Bakri was liable for liquidated damages in an amount equal to the damages for the minimum wage and overtime compensation.

Under 29 U.S.C. § 216(b), an employer who violates the FLSA by failing to pay minimum wage or overtime compensation is liable for an additional equal amount as liquidated damages. A court may decline to award liquidated damages only if the employer shows good faith and reasonable grounds for believing it was not in violation of the FLSA. 29 U.S.C. § 260; *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1084 (8th Cir. 2000).

In his objection, Bakri argues that liquidated damages are not appropriate because there "were no unpaid wages." As set forth above, the Court held that Bakri failed to pay his employees required minimum wage and overtime compensation. *See supra* Part II. Bakri makes no attempt to argue that he acted in good faith or with reasonable grounds in withholding his employees' wages or in failing to pay overtime.

Accordingly, the Court holds that Bakri is liable as a matter of law for liquidated damages.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket Nos. 86 and 88] and **ADOPTS** the Amended Report and Recommendation [Docket No. 83]. Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 72] is **GRANTED** and that judgment be entered as follows:

1. Defendant shall pay plaintiff $67,386.37 in unpaid wage and overtime compensation due workers for the period between March 1, 1999, and August 29, 2001;

2. Defendant shall pay liquidated damages in the amount of $67,386.37; and

3. Defendant is enjoined from violating 29 U.S.C. §§ 206, 207, 211, and 215.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 29, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge