**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

GENERAL MAINTENANCE AND FLOOR SERVICE, INC., and MICHAEL BAKRI, individually and d/b/a General Maintenance,

Defendants.

Civil No. 01-2374 (JRT/JSM)

**ORDER**

On September 29, 2005, the Court granted Plaintiff's motion for summary judgment, and ordered that Judgment be entered against Defendant Michael Bakri in this action. (Docket No. 90.) On October 28, 2005, Defendant Bakri filed a Notice of Appeal. (Docket No. 92.) He did not tender the $255 filing fee for his appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 93.) That application is now before the Court.

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in

"good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Defendant Bakri's IFP application shows that (a) he is not currently employed, and he has not been employed since July 2001, (b) he has no current source of income, (c) he has no bank accounts or other assets, and (d) he has three dependants. Based on the information provided by Defendant Bakri's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that the Judgment entered against Defendant Bakri in this action was entirely proper, his appeal is not deemed to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Defendant Bakri's appeal is found to be taken "in good faith" for purposes of Fed. R. App. P. 24(a)(3), and his application to proceed IFP on appeal will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant Michael Bakri's application to proceed in forma pauperis on appeal, [Docket No. 93], is GRANTED.

Dated: November 17, 2005
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge